UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-61619-CIV-COOKE/BANDSTRA

GMAC MORTGAGE, LLC,

    *Plaintiff*,

v.

JOHNNIE HANKERSON, *et al.*,

    *Defendants*.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This matter is before me on Plaintiff's Motion for Remand [D.E. 5]. Plaintiff argues that this Court lacks jurisdiction because the complaint does not allege a cause of action giving rise to federal question jurisdiction. Further, Plaintiff contends that Defendant's counterclaim cannot serve as a basis for federal question jurisdiction. I agree, and remand this case to the Circuit Court for the 17th Judicial Circuit, in and for Broward County, Florida.

## BACKGROUND

Plaintiff GMAC Mortgage, LLC ("GMAC") filed a complaint against Defendants Johnnie and Nadine Hankerson ("Hankersons") in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida. The complaint is based upon a foreclosure action and also states a cause of action to enforce a promissory note and mortgage under Fla. Stat. § 673.3091. Both counts are based on state law. Plaintiff contends that Johnnie Hankerson defaulted on a recorded mortgage held by GMAC. The complaint named several other defendants, known and unknown, who might hold an interest in the mortgaged property. On October 7, 2008, Nadine Hankerson, individually, and by and thorough, power of attorney for Johnnie Hankerson, filed an answer with affirmative defenses.

The Hankersons also filed a counterclaim against Plaintiff alleging fraud and several federal lending violations. On October 8, 2008, the Hankersons filed a notice of removal to federal court, contending that, "jurisdiction 'arises under' 28 U.S.C. § 1332, 28 U.S.C. § 1331, 15 U.S.C. § 1601 *et seq.*, 15 U.S.C. § 1640, Title 12, Regulation Z, Part 226.1(c)(3), Title 24 CFR, Regulation X, Part 3500, and Title 12 U.S.C. § 85." (Pl.'s Notice of Removal at ¶ 1).

## ANALYSIS

Defendants assert that this court has jurisdiction arising under 28 U.S.C. 1331, which grants this Court jurisdiction over all civil actions based upon a federal question. The Supreme Court has held that federal question jurisdiction must exist based upon the complaint, not an answer or counterclaim. "[A] counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). The rationale for restricting federal court jurisdiction, based upon a federal question, is well grounded. "It would undermine the clarity and simplicity of that rule if federal courts were obligated to consider the contents not only of the complaint but also responsive pleadings in determining whether a case 'arises under' federal law." *Vaden v. Discover Bank*, No. 07-773, 2009 WL 578636, at *7 (U.S. Mar. 9, 2009). A federal court must decline to hear a matter if subject matter jurisdiction is lacking. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). All claims asserted in Plaintiff's complaint arise under state law. Only Defendant's counterclaim raises violations of federal statutes. Thus, this Court does not have jurisdiction based upon a federal question.

Defendants also contend that this Court has diversity jurisdiction arising under 28 U.S.C. § 1332. Congress created diversity jurisdiction to ensure a neutral forum for litigants of different states. *Exxon Mobil Corp. v. Allapattah Services, Inc.* 545 U.S. 546, 552 (2005). However, the

Supreme Court has maintained that there must be complete diversity of the parties to invoke jurisdiction under 28 U.S.C. 1332. "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). Diversity jurisdiction also has an amount in controversy requirement, "[t]o ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000.00. *Exxon Mobil Corp.*, 545 U.S. at 552.

Defendants, when filling out the required civil cover sheet, checked the box indicating that this case was based upon diversity jurisdiction. However, Defendants did not indicate Plaintiff's citizenship. Moreover, the counterclaim lists Broward County, Florida as Defendant's domicile, but fails to state the citizenship of Plaintiff. The litigant invoking federal jurisdiction has the responsibility of establishing the citizenship and complete diversity of the parties to the suit. *Mars v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).[1] Defendant has failed to establish Plaintiff's citizenship. Further, Defendant has failed to demonstrate that the amount in controversy exceeds $75,000.00. *See Warth v. State Farm Fire & Cas. Co.*, 792 F. Supp. 101, 102 ("By invoking the jurisdiction of this Court, Defendant . . . bears the burden of demonstrating that the exercise of jurisdiction is proper."). Thus, I must deny jurisdiction based on diversity. Further, since it is clear that the court does not have jurisdiction based upon a federal question, I remand this case to state court.

---

[1] The Eleventh Circuit adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

## CONCLUSION

Accordingly, Plaintiff's Motion for Remand [D.E. 5] is **GRANTED**, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of March 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*The Honorable Ted E. Bandstra*
*All Counsel of Record*

Johnnie Hankerson, *pro se* Defendant
Nadine L. Hankerson, *pro se* Defendant
7813 Sunflower Drive
Margate, FL 33063